**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-00425-REB

MICHAEL D. GOODWIN,

    Plaintiff,

v.

LINDA S. McMAHON,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed March 10, 2006, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and remand this case to the Commissioner.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of spinal fusion, osteoarthritis of the ankle, and alcohol dependence. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007, and thus her name is substituted for that of Jo Anne B. Barnhart as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

This hearing was held on September 16, 2004. At the time of the hearing, plaintiff was 50 years old. He has a high school education and past relevant work experience as a patient transporter and operating engineer. He has not engaged in substantial gainful activity since April 27, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work with restrictions on bending, stooping, crouching, crawling, climbing, and lifting, and which allowed plaintiff to sit and stand at will. Although plaintiff, thus, was unable to return to his past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that he could perform given his residual functional capacity. She, therefore, found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d

1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred by 1) failing to properly weigh and credit the opinions of his treating physician; 2) relying on the opinion of a state disability examiner

who is not a physician to establish plaintiff's functional limitations; and 3) failing to acknowledge or discuss the relevance of a Veterans Administration decision finding plaintiff disabled.  I agree with plaintiff on all counts, and, therefore, reverse the Commissioner's decision.

Dr. Hamid Rehman has been treating plaintiff for back pain since September, 2001.  The opinion of a treating source as to the nature and severity of a claimant's impairment is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 416.927(d)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003).  By contrast, treating source opinions are not afforded any special significance or controlling weight in the determination of issues reserved to the Commissioner, such as residual functional capacity.  **See** 20 C.F.R. § 404.1527(e); **Sosa v. Barnhart**, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), **adopted**, 2003 WL 21428384 (D. Kan. Jun. 17, 2003).  Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).  The ALJ failed to satisfy that requirement in this case.

The ALJ purportedly gave little weight to Dr. Rehman's ten-pound maximum lifting restriction on the ground that it was merely a "temporary restriction[] following [plaintiff's] July 2002 back surgery."  (Tr. at 24.)  This characterization misstates the

evidence. Just prior to plaintiff's surgery, Dr. Rehman authorized plaintiff to return to work with the restriction that he lift no more than ten pounds. (Tr. at 121.) Following plaintiff's surgery, Dr. Rehman opined that plaintiff was completely unable to work from August through October. (*See id*. at 117, 113, 109.) On October 29, 2002, Dr. Rahman cleared plaintiff to return to work, but still with the ten-pound lifting restriction.[2] (*Id*. at 108.) Dr. Rehman's subsequent reports continued to impose this restriction through at least early March, 2003. (*See id*. at 321, 323, 325.) Thus, the only restrictions Dr. Rehman imposed that can fairly be characterized as "temporary" are those precluding plaintiff from all work. The ten-pound lifting restriction, by contrast, has consistently remained part of Dr. Rehman's opinion regarding plaintiff's functional limitations since October, 2002.[3]

Thus, I find that the ALJ failed to articulate a legitimate reason for discounting Dr. Rehman's opinion regarding plaintiff's maximum lifting capacity. Although the Commissioner posits various other bases that would support the ALJ's conclusion,[4] the ALJ's decision must rise or fall on its own merits. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to

---

[2] The ALJ noted that this work release "indicates the claimant was capable fo some work activity." (Tr. at 24.) This finding begs the question of what kind of work activity plaintiff was capable given the functional limitations found by his treating physician. It certainly adds no support to the ALJ's decision to afford Dr. Rehman's opinion little weight.

[3] In fact, Dr. Rehman's report from February, 2003, notes that surgery had not ameliorated plaintiff's chronic back pain and "[a]pparently , this case is going to be a failed back syndrome and we are not sure if there will be any decrease in disability in the coming months." (Tr. at 322.) In April, Dr. Rehman felt that plaintiff "is probably approaching maximum medical improvement." (*Id*. at 318.)

[4] In particular, and contrary to the Commissioner's argument, the fact that a physician's report is based on plaintiff's subjective reports of his symptoms is not *per se* sufficient to discredit the physician's opinion. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *Nieto v. Heckler*, 750 F.3d 59, 60-61 (10th Cir. 1984).

explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").[5]

Compounding this error is the fact that the ALJ relied instead on a non-physician's residual functional capacity assessment in determining plaintiff's residual functional capacity. The ALJ recognized that the disability examiner's opinion was not a medical opinion and entitled to no weight whatsoever. (Tr. at 24). ***See Goupil v. Barnhart***, 2003 WL 22466164 at * 2 n.3 (D. Me. Oct. 31, 2003). Nevertheless, she proceeded to rely on that opinion as indicative of plaintiff's residual functional capacity, stating that the opinion "well supported by and consistent with the record as a whole." (Tr. at 24, 193-200.) However, because the ALJ failed to specify how that conclusion was supported by specific evidence in the record, it is "difficult, if not impossible, for the reviewing court to determine whether substantial evidence supported the ALJ's decision." ***Bolan v. Barnhart***, 212 F.Supp.2d 1248, 1262 (D. Kan. 2002). As the only record evidence supporting a 20-pound maximum lifting restriction as found by the ALJ is the disability examiner's report, the ALJ's residual functional capacity assessment is not supported by substantial evidence. ***See Langley v. Barnhart***, 373 F.3d 1116, 1122-23 (10th Cir. 2004).

Finally, the ALJ's failed to address the effect of the Veterans Administration's decision finding plaintiff disabled. (***See*** Tr. at 298-300.) This was error under the

---

[5] I take this opportunity to note my continued displeasure with the manner in which the Commissioner routinely responds to these appeals by focusing principally on whether the record contains substantial evidence and only perfunctorily addressing the particular deficiencies alleged by the plaintiff. This method of briefing, which appears to be *de rigeur* in these cases, is largely unhelpful in resolving the issues presented in these appeals.

Commissioner's own regulations, as interpreted by the Tenth Circuit. *See* 20 C.F.R. § 1512(a) & (b)(5); ***Grogan***, 399 F.3d at 1262-63 ("Although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive.") (citation omitted).

Accordingly, I find that the Commissioner's finding of non-disability is not supported by substantial evidence, mandating reversal.[6]

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed as follows:

   a. to reevaluate the opinions of the treating physician(s), providing specific and legitimate reasons for discounting their medical opinions and clearly explaining why any non-medical opinions of such sources are or are not adopted;

   b. to recontact plaintiff's treating physician(s) for further clarification if necessary and/or order any such further testing or examinations that she may deem helpful and appropriate (***see* Social Security Ruling 03-2p**, 2003 WL 22399117 at *5 (SSA Oct. 20, 2003));

   c. to reevaluate plaintiff's residual functional capacity in light of the reexamination of the record and explain how that determination is supported by the medical evidence;

   d. to consider and describe the effect of the Veterans Administration's disability decision on her conclusion as to disability or non-disability; and

---

[6] I do not intimate by this ruling that plaintiff is or should be found disabled.

   e. to reevaluate the disability determination.

Dated February 2, 2007, at Denver, Colorado.

              **BY THE COURT:**

              **s/ Robert E. Blackburn**
              **Robert E. Blackburn**
              **United States District Judge**